[No. 2007.]

Benson v. Eli, Administratrix.

1. PLEADING—TROVER—FRAUD AND DECEIT.

An allegation of fraud and deceit is material to justify an execution against the person, but is not essential to a cause of action in trover.

2. TROVER AND CONVERSION—TITLE TO STOLEN MONEY—IDENTITY.

Where a person was robbed of certain money and upon arrest of the robber the officer recovered most of the money, the money so recovered while in the hands of the officer was not in the channels of trade so as to exempt it from the rule that "except by a sale in market overt, no one can give a better title to personal property than he has himself." And the attorney for the robber having obtained a judgment for his fees and part of the money being paid over to him on execution, he acquired no better title than the judgment debtor had, and an action of trover would lie against the attorney by the person from whom the money was taken, and if he could show that the money seized on execution by the attorney or any part of it was the identical money taken from him by the robber, he was entitled to recover to the amount so identified.

3. SAME—INSTRUCTIONS.

Where a person was robbed of certain money and upon the arrest of the robber part of the money was recovered by the officer, part of which was paid over to the attorney of the robber on an execution against the robber for his fees, in an action by the party robbed against the attorney to recover the money, the question of the identity of the money was a question of fact for the jury, and it was error for the court to assume in his instructions that the money in the hands of the officer was the identical money taken from plaintiff.

4. SAME.

Where a person was robbed of certain money and upon the arrest of the robber most of the money was recovered by the officer, and the attorney for the robber having assigned part of his fees recovered a judgment against the robber for the balance, and his assignees recovered judgments for the amounts assigned, and executions having been issued on the judgments the money was paid over to the several judgment creditors, in an action by the person robbed against the attorney to recover the money, defendant was only liable for the amount shown to have been converted by him, and where there was no evidence that defendant received or converted the amount paid to his assignees, it was error to instruct the jury that in the

event of a verdict for plaintiff it must be in the sum of the amounts paid to defendant and his assignees. It was also a question for the jury to determine whether all or part of the money paid on the executions was the money taken from plaintiff.

5. INSTRUCTIONS NOT APPLICABLE TO EVIDENCE.

It is error to give an instruction where there is no evidence in the case to which it is applicable.

6. EVIDENCE—OFFERS OF COMPROMISE.

Evidence of offers of compromise if objected to in apt time and in the proper manner is inadmissible.

7. PLEADING—DESCRIPTION OF MONEY.

In an action of trover to recover money alleged to have been taken from plaintiff by robbery and to have been received and converted by defendant, a description in the complaint of the money as "lawful money of the United States, bank notes and other current bills, the particular description and denominations of which are to this plaintiff unknown," and giving the value, is sufficient.

*Appeal from the District Court of Arapahoe County.*

Mr. C. S. THOMAS, Messrs. WELLS & TAYLOR and Messrs. WARD, PLESSNER & WARD, for appellant.

Mr. O. A. ERDMAN, for appellee.

GUNTER, J.

Appellee has been substituted for Eli, deceased. Eli was robbed of $1,205. Two parties charged with the robbery were arrested, $1,085 taken by the officers from their person and delivered to chief of police, Russell. These defendants employed counsel, appellant Benson. Benson took judgment for $300 of his fee against them, and levied execution upon $300 of the above money in the hands of Russell. The amount of the levy was paid him, less costs. He assigned in severalty, for value, to third parties, the remainder of his agreed fee, $665. Judgments were taken by the assignees for their several claims and executions were levied upon $685 of above funds, in the hands of Russell, and the same, less costs, delivered to the execution creditors. The remainder

of the $1,085, to wit $100, was expended, $62.00 with consent of Eli in effecting above arrests. Thirty-eight dollars paid to Eli. At the time the Benson execution was levied, the funds were in the hands of Russell; he had been notified of Eli's claim thereon and to hold them, and Benson knew that Eli claimed the funds as having been taken from him in the above robbery. The clients of Benson, the above judgment debtors, also claimed to be the owners of this fund.

Eli brought trover against Benson and Russell, charging the conversion of $1,047. The complaint charged deceit and fraud on Benson's part in seizing the funds. This allegation was material for the purpose of justifying execution against the person in the event of a verdict for plaintiff. It was not essential to the cause of action in trover. Verdict and judgment against Benson for $1,115, this amount being the $985, seized under above executions and interest thereon. Verdict for Benson on the issue of fraud and deceit. Verdict and judgment for Russell. Benson appeals.

1. "The general rule of the common law is, that, except by a sale in market overt, no one can give a better title to personal property than he has himself." *Murray v. Lardner*, 2 Wall. 110.

The exemption from this principle of moneys in the channels of trade and received without notice of adverse ownership is not applicable to the facts herein. At the time of the seizure of the money under the Benson execution it was not circulating in the channels of trade and Benson, the execution creditor, had full knowledge of the claims of Eli.

If title to the funds held by Russell was not in the judgment debtors, the two arrested parties, Benson could acquire none by the levy of his execution thereon.

Under the evidence there was but one question for the jury: Was the money, or any part of the money, seized under the Benson execution, the identical money taken from the person of Eli? If it was plaintiff had made out a case, otherwise not.

2. The court erred in giving instruction No. 3, in this,

it assumed therein that the money in the hands of Russell was the money taken from the person of Eli. This question of identity being the vital question for the jury, the giving of such instructions is reversible error.

There was error in giving plaintiff's instruction to No. 4. The court therein charged that in the event of a verdict for plaintiff it must be in the sum of $985 with interest thereon. The error was in this:

*a.* In no event could the verdict against Benson have exceeded the sum of $300 and interest thereon, because there was no evidence of a conversion by him of any larger sum. As shown above the remainder of the $985 was seized under executions in favor of third parties.

*b.* There was a question for the jury as to whether all or part of the $985 in the hands of Russell was taken from Eli. This instruction is reversible error.

The court erred in giving plaintiff's instruction No. 5, and a sufficient reason for holding so is, there was no evidence to which it was applicable.

3. The offers of compromise admitted, if objected to in apt time and in the proper manner, were inadmissible. Whether the court erred in the reception of this evidence in view of the time-when and manner in which objections were made, it is not necessary to rule.

4. Appellant contends that the complaint is substantially defective in failing to more particularly describe the funds charged to have been converted. The allegation complained of is:

"That on the 20th day of March, A. D. 1897, and prior thereto, this plaintiff was the owner of certain current funds, being lawful money of the United States, bank notes and other current bills, the particular description and denominations of which are to this plaintiff unknown, of the value of one thousand and eighty-five dollars and fifty cents ($1,085. 50), then and there being in the possession of the defendants above named."

No reason is shown why the lack of a more specific de-

scription was fatal to the complaint. The description is sufficient under the authorities. Cobbey on Replevin, § 544, p. 290, and authorities cited.

The judgment is reversed.

*Reversed.*